IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.

JOSEPH T. LANDER,
 a/k/a Joey Lander

_____/

SEALED INDICTMENT

1:08CR44 JPM/AK

THE GRAND JURY CHARGES:

COUNTS ONE THROUGH THREE

That between in or about June 2005 and on or about the date of the return of this Indictment, in the Northern District of Florida, and elsewhere, the defendant,

JOSEPH T. LANDER
a/k/a Joey Lander,

did knowingly and willfully devise and intend to devise a scheme to defraud and to fraudulently deprive another of the intangible right of his honest services as County Attorney for Dixie County, Florida, and to obtain money and property and by means of material false and fraudulent pretenses, representations and promises, and for the purpose of executing this scheme to defraud, and attempting to do so, did knowingly cause matters to be deposited with and delivered by the United States Postal Service.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
GAINESVILLE, FLA.

08 NOV 19  AM 10: 43

FILED

## THE SCHEME TO DEFRAUD

It was part of this scheme to defraud that:

1. The defendant, acting in his capacity as County Attorney for Dixie County, Florida, falsely represented to certain developers having business before Dixie County that the developers were required to pay a performance bond to Dixie County, through him as county attorney, in connection with business being transacted between these developers and Dixie County, when in truth and fact, and as the defendant then well knew, no performance bond was required and defendant had no authority to personally accept payment of a performance bond on behalf of the county.

2. After demanding payment of the performance bond, the defendant opened a bank account in the name of "Lander Law Firm – Special Account."

3. The defendant then caused approximately $820,000 in funds transmitted to him as payment of the performance bond to be deposited into the Lander Law Firm – Special Account.

4. In order to conceal the fact that he had deposited funds into his own law firm account, defendant caused cashiers' checks to be issued from funds drawn on the Lander Law Firm – Special Account.

5. Thereafter, defendant converted approximately $320,000 of these fraudulently obtained funds deposited in the Lander Law Firm – Special Account to his own personal use and to the use of others not entitled thereto.

6. By this conduct, defendant did defraud and deprive the citizens of Dixie County, the Dixie County government, and to others of the right to the intangible right of honest services performed free from deceit, favoritism, bias, self-enrichment, self-dealing, concealment, and

2

conflict of interest.

## MAILINGS

On or about the dates listed below, in the Northern District of Florida, and elsewhere, the defendant, for the purpose of executing this scheme to defraud, and attempting to do so, did knowingly cause the following items to be deposited with and delivered by the United States Postal Service as set forth below:

| COUNT | DATE | ITEM |
|---|---|---|
| ONE | July 14, 2005 | letter |
| TWO | August 17, 2005 | cashier's check |
| THREE | January 17, 2006 | cashier's check |

In violation of Title 18, United States Code, Sections 1341 and 1346.

## COUNTS FOUR THROUGH EIGHT

That between in or about June 2005 and in or about February 2006, in the Northern District of Florida, and elsewhere, the defendant,

**JOSEPH T. LANDER**
**a/k/a Joey Lander,**

did knowingly and willfully devise and intend to devise a scheme to defraud and to obtain money and property by means of material false and fraudulent pretenses, representations and promises, and for the purpose of executing this scheme to defraud, and attempting to do so, did knowingly cause matters to be deposited with and delivered by the United States Postal Service and private and commercial interstate carriers.

## THE SCHEME TO DEFRAUD

It was part of this scheme to defraud that:

1. The defendant would use his legal practice and position as County Attorney for Dixie County, Florida, to make contact with clients and persons close to the clients he had previously represented, who would have reason to trust his advice, in order to convince these persons to invest in a business he claimed to be starting.

2. The defendant would and did falsely represent to these investors the financial opportunities and profit potential available to the investors if they agreed to invest monies in the business he was starting.

3. The defendant would and did tell these investors that he was creating and starting a business venture called GenSpec Labs, LLC ("GenSpec")

4. The defendant would and did tell these investors that GenSpec developed and marketed vitamins and supplements designed for specific racial and ethnic groups.

5. The defendant would and did tell these investors that a confidentiality agreement between the defendant and the investors was necessary as the vitamins or supplements marketed by GenSpec were not patented.

6. The defendant would and did tell these investors that he was the County Attorney for Dixie County, Florida, and could prepare all the necessary documentation for their investments in GenSpec to avoid the need to for the investors to hire an attorney.

7. The defendant would and did falsely tell individuals that he had obtained sales contracts with major retail stores and national and regional pharmacies to sell GenSpec products when he had not obtained such contracts.

8. The defendant would and did falsely tell individuals that he had financial backing

4

from major celebrities and successful businesses when he did not.

9. The defendant would and did tell individuals that the investments must be made quickly to ensure that individuals were able to receive the dividends for that year because the contracts for the sales were being signed when in fact no contracts were signed and no dividends were being paid.

10. By means of these false and fraudulent representations, defendant would and did induce investors to mail checks to him through the United States Postal Service.

11. The defendant would and did falsely and fraudulently perform acts and make statements and representations for the purpose of misleading, deceiving, confusing, and hiding his scheme to defraud, and the acts he committed to further his fraudulent scheme.

12. By the foregoing means and others, the defendant fraudulently obtained approximately $400,000 in monies, goods, and services, for his own use and for the use of others not entitled thereto.

## MAILINGS

On or about the dates listed below, in the Northern District of Florida, and elsewhere, the defendant, for the purpose of executing this scheme to defraud, and attempting to do so, did knowingly cause bank checks made in the following approximate amounts, to be deposited with and delivered by the United States Postal Service as set forth below:

| COUNT | DATE | AMOUNT |
| --- | --- | --- |
| FOUR | January 27, 2006 | $4,166.67 |
| FIVE | February 28, 2006 | $4,166.67 |
| SIX | March 31, 2006 | $4,166.67 |

| | | |
|---|---|---|
| SEVEN | May 4, 2006 | $4,166.67 |
| EIGHT | June 1, 2006 | $4,000 |

In violation of Title 18, United States Code, Section 1341 and 2.

## FORFEITURE ALLEGATIONS

The allegations of Counts One through Eight of this Indictment are re-alleged and by reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America.

Upon conviction of the offenses alleged in Counts One through Seven of this Indictment, the defendant, **JOSEPH T. LANDER**, shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses.

If any of the forfeitable property, as a result of any act or omission of the defendant:

i. cannot be located upon the exercise of due diligence;

ii. has been transferred, sold to, or deposited with a third party;

iii. has been placed beyond the jurisdiction of this Court;

iv. has been substantially diminished in value; or

v. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant, up to the value of the forfeitable property.

A TRUE BILL:

Redacted

*[signature]*
THOMAS F. KIRWIN
Acting United States Attorney

*[signature]*
GREGORY P. McMAHON
Assistant United States Attorney