IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                        CASE NO.: 1:08cr44-SPM

JOSEPH T. LANDER,

      Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS INDICTMENT

This cause comes before the Court on the Defendant Joseph T. Lander's Motions to Dismiss Indictment. Doc. 96. For the following reasons, the motion will be denied.

1. Defendant complains about a particular member of the grand jury based on the juror's prejudice against Defendant and prior knowledge of the facts underlying the charges against Defendant. Assuming for the sake of argument that the person Defendant names was a member of the grand jury that indicted Defendant and had such prejudice and prior knowledge, only challenges to a grand juror's legal qualifications can be raised. Estes v. United States, 335 F.2d 609, 613 (5th Cir. 1964). "'Challenges for bias, or any cause other than lack of legal qualifications, are unknown as concerns grand jurors.'" Id. (quoting United States v. Knowles, 147 F.Supp. 19, 20 (D.C.D.C. 1957)); . see also 28

U.S.C. § 1865 (Qualifications for jury service). Even if such a challenge were recognized, Defendant has not shown that there were not at least 12 other jurors who participated in the return of the indictment. Dismissal of the indictment is therefore not appropriate. Fed. R. Crim. P. 6(b); Castle v. Untied States, 238 F.2d 131, 136 (8th Cir. 1956). Furthermore, Defendant has not made a credible claim that the particular juror's presence "substantially influenced the grand jury's decision to indict." Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988).

    2.    Defendant complains that the prosecution has engaged in misconduct by aiding the opposing side in an ongoing civil case against Defendant. Assuming for the sake of argument that Defendant's allegation is true and that such conduct constitutes prosecutorial misconduct, Defendant must still show that the misconduct "substantially influenced the grand jury's decision to indict." Id.; United States v. Exarhos, 135 F.3d 723, 726 (11th Cir. 1998). Defendant has not made the required showing.

Based on the foregoing, it is

ORDERED AND ADJUDGED: Defendant Joseph T. Lander's Motions to Dismiss Indictment (doc. 96) is denied.

DONE AND ORDERED this 5th day of October, 2009.

                *s/ Stephan P. Mickle*
                Stephan P. Mickle
                Chief United States District Judge

CASE NO.: 1:08cr44-SPM