IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              CASE NO. 1:08cr44-SPM

JOSEPH T. LANDER,
  a/k/a Joey Lander,

    Defendant.
_____/

**ORDER DENYING RENEWED MOTION FOR JUDGMENT OF ACQUITTAL
AND MOTION FOR NEW TRIAL**

This cause comes before the Court for consideration of Defendant Joseph T. Lander's Renewed Motion for Judgment of Acquittal Pursuant to Rule 29 of the Federal Rules of Criminal Procedure (doc. 127) and Defendant Joseph T. Lander's Motion for New Trial Pursuant to Rule 33 of the Federal Rules of Criminal Procedure (doc. 128). The Government has filed responses in opposition (docs. 130 and 131). Defendant seeks to file a reply out of time (docs. 132 and 135), which the Government opposes and moves to strike (docs. 133 and 136). Despite Defendant's failure to seek leave of Court as required under Local Rule 7.1(C) the Court will accept the reply.

**Background**

Defendant is an attorney who worked in private practice and who also worked as the county attorney for Dixie County, Florida.  He was charged in a 21-count indictment for offenses involving a property development known as River Shores at Jena and a vitamin business known as GenSpec.  Counts 1 through 3 charged Defendant with mail fraud stemming from his fraudulent misuse of funds that he accepted as a performance bond for the River Shores development.  Counts 4 through 14 charged Defendant with money laundering stemming from monetary transactions Defendant made with the funds for the performance bond.  Counts 15 through 19 charged Defendant with mail fraud stemming from his actions in obtaining investment funds for GenSpec.  Count 20 charged Defendant with wire fraud based on his action in obtaining additional investment funds for GenSpec.  Count 21 charged Defendant with loan fraud based on Defendant's statements to a bank official that the River Shores' performance bond was available as collateral to secure a loan for the development, when in fact Defendant had transferred and used most of the performance bond money for his personal benefit.

Defendant's case proceeded to a jury trial, which lasted 5 days.  The Court granted Defendant's motion for a judgment of acquittal as to Counts 1 and 19, charging mail fraud, because there was no mailing to support those counts.

On the remaining counts, the jury acquitted Defendant on Count 1, found Defendant guilty on Counts 2 through 18. The jury could not reach a verdict on Counts 20 and 21.

**Analysis**

In ruling on a motion for judgment of acquittal under Rule 29, the Court may not weigh the evidence or assess the credibility of witnesses. United States v. Brown, 584 F.2d 187, 190 (5th Cir. 1979). The evidence must be accepted in the light most favorable to the government and the motion granted only if the Court determines that no reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. Ward, 197 F.3d 1076, 1079 (11th Cir. 1999).

A court may grant a new trial under Federal Rule of Criminal Procedure 33 "if the interest of justice so requires." Fed. R. Crim. P. 33. A trial court enjoys broad discretion in deciding the motion. United States v. Martin, 763 F.2d 1297, 1312-13 (11th Cir. 1985). The court is permitted to weigh the evidence and make an independent determination of the extent to which the evidence supports the jury's verdict. Id. The verdict, however, should only be set aside in exceptional cases where it would be a miscarriage of justice to allow the verdict to stand. Id.

Defendant argues that the evidence was insufficient to support his

conviction on Count 2 for mail fraud. The evidence at trial showed that Defendant accepted funds from River Shores to hold in trust for completion of the project's infrastructure. The funds should have been put in a trust account or in a court registry account, but Defendant placed the funds in an account to which he had free access. Within a few days of accepting the funds, Defendant began using the funds for his own benefit. As part of the scheme to defraud, Defendant mailed to River Shores $200,000.00 that River Shores had requested as a draw upon the funds to pay for infrastructure. The mailing helped Defendant execute his scheme by leading the River Shores developers to believe that the remainder of the funds were safe with Defendant, when in fact Defendant was using the funds for his own benefit. The evidence is sufficient to support the jury's verdict and no miscarriage of justice has occurred.

Defendant argues that the evidence was insufficient to support his convictions on Counts 15 through 18 for mail fraud. The evidence at trial showed that Defendant falsely represented to Kathy Veach that dividends would be paid out for GenSpec at the end of the year and that if Kathy Veach intended to invest in GenSpec, she needed to do so quickly. Defendant falsely represented to Ms. Veach that she would earn back the money she invested in a short time, thus inducing Ms. Veach to borrow money to invest. Defendant falsely led Ms. Veach to believe that she was borrowing the money from Henry Fred "Mitch" Mitchell.

Ms. Veach began sending monthly payments to Mr. Mitchell. Mr. Mitchell took the payments and after subtracting money that Defendant owed him, sent the remainder of the payments by mail to Defendant. This evidence, which the jury was free to accept, supports the jury's guilty verdict on Counts 15 through 18 for mail fraud. No miscarriage of justice occurred.

Defendant also argues that he is entitled to a new trial based on the failure of the Government to timely provide a tape recording, the transcript of the recording, and the authorization for the recording. Defendant also complains about the Government's disclosure of Jencks and Brady material. Defendant has not demonstrated any prejudice; nor has he articulated a viable Jencks or Brady violation. Furthermore, there is no reasonable probability that the outcome of the trial would have been different had all the disclosures been made. No miscarriage of justice has occurred.

Defendant complains about the jury instructions. Defendant had the opportunity to suggest changes to the instructions both before and immediately after they were given. Defendant indicated that the instructions were acceptable. The mail fraud instructions that were given were taken from the Eleventh Circuit's pattern instructions. The Government did not proceed on the alternative honest services theory, so no additional instructions were needed.

Defendant complains about the closing arguments made by the

prosecutor. The prosecutor's arguments were based on the evidence presented at trial and the reasonable inferences that could be drawn therefrom. While minor misstatements may have been made, on the whole the arguments were not improper and did not result in prejudice to Defendant's substantial rights. Furthermore, the jury was instructed that closing argument by the lawyers was not evidence, and that they should rely on their own recollection of the evidence presented at trial.

Finally, Defendant argues that the evidence presented at trial varied materially from the allegations in the indictment. This argument fails because the allegations in the indictment were substantially similar to the proof offered at trial. Defendant can claim no unfair surprise because the indictment was sufficient to describe the offense and inform Defendant of the charges against him. There is no danger of double jeopardy and Defendant has not suffered prejudice.

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. Defendant Joseph T. Lander's Renewed Motion for Judgment of Acquittal Pursuant to Rule 29 of the Federal Rules of Criminal Procedure (doc. 127) is denied.

2. Defendant Joseph T. Lander's Motion for New Trial Pursuant to Rule 33 of the Federal Rules of Criminal Procedure (doc. 128) is denied.

3. Defendant's Motion for Extension of Time to File Replies (doc. 132) is granted.

4. The Government's Motion to Strike Defendant's "Response" (doc. 136) is denied.

DONE AND ORDERED this 1st day of February, 2010.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge