IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 1:08cr44-SPM

JOSEPH T. LANDER,

    Defendant.
_____/

**ORDER MAKING PRELIMINARY DETERMINATION ON RESTITUTION AND ALLOWING PARTIES TO SUBMIT WRITTEN ARGUMENTS**

The Court sentenced Defendant Joseph T. Lander on Friday, February 5, 2010. Because the amount of restitution could not be ascertained, the Court reserved the opportunity to schedule a restitution hearing within 90 days in accordance with Title 18, United States Code, Section 3664(d). Restitution in this case is governed by the Mandatory Victims Restitution Act, 18 U.S.C. §§ 3556, 3663, 3663A, and 3664. The following principles apply.

1. Mail fraud and money laundering are crimes against property committed by fraud and deceit for which restitution is mandatory. 18 U.S.C. § 3663A(c)(1); United States v. Cohen, 459 F.3d 490, 498 (4th Cir. 2006) (mail fraud); United States v. Polichemi, 219 F.3d 698, 714 (7th Cir. 2000) (money laundering).

2. A victim for purposes of restitution is "a person directly and proximately harmed as a result of the commission of [the] offense . . . and includes any person directly harmed by the defendant's criminal conduct in the course of the scheme." 18 U.S.C. § 3663A(2). Someone standing in the shoes of a victim as an assignee or successor in interest may qualify for an award of restitution in place of the victim. United States v. Smith, 944 F.2d 618, 621-22 (9th Cir. 1991); United States v. Haddock, 50 F.3d 835, 841 (10th Cir. 1995).

3. Under the sentencing guidelines, consideration of who is a victim and what is a loss is much broader because the guidelines take into account the relevant conduct surrounding the offense and the greater of the actual or intended loss. .United States v. Patterson, No. 09-13354, 2010 WL 424404 (11th Cir. Feb. 8, 2010); United States v. Blake, 81 F.3d 498, 505-507 (4th Cir. 1996). In contrast, a restitution award is limited to losses actually caused by the defendant's offense conduct. Patterson, No. 09-13354, 2010 WL 424404.

4. When the offense conduct involves a scheme to defraud, all victims of the same scheme can be included in the restitution order, even if there is an overlap with acquitted conduct. United States v. Foley, 508 F.3d 627, 635-36 (11th Cir. 2007). However, the restitution order should not include victims of separate schemes or those who suffered losses that were not directly or proximately caused by the scheme of the offense of conviction. United States v. Upton, 91 F.3d 677, 686 (5th Cir. 1996); United States v. Brewer, 983 F.2d 181,

185 n.4 (10th Cir. 1993).

    5.    In determining the scope of the scheme involved in an offense of conviction, the Court should consider the charging document, as well as the evidence presented at trial. United States v. Martin, 195 F.3d 961, 969 (11th Cir. 1999); United States v. Obasohan, 73 F.3d 309, 311 n.3 (11th Cir. 1996).

    6.    The Government has the burden of proving by a preponderance of the evidence that the loss suffered by the victim was directly and proximately caused by the offense of conviction. 18 U.S.C. §§ 3664(e), 3663A(a)(2).

    7.    Attorney fees are generally not compensable unless they were incurred in a legal proceeding that was part of the offense conduct. United States v. Scott, 405 F.3d 615, 620 (7th Cir. 2005).

Applying these principles to the record in this case, the Court makes a preliminary determination that restitution is due to the following victims in the following amounts.

| | |
|---|---|
| Citizens State Bank as assignee of the funds misappropriated by Lander | $340,000.00 |
| Kathyryn Veach | |
| Maserati | $127,745.95 |
| Loan origination fee | $ 50,000.00 |
| Payments on loan | $ 24,833.35 |
| Alice M. Johnston as assignee of part of Veach's $1 million investment in GenSpec | $250,000.00 |
| TOTAL | $792,579.30 |

CASE NO.: 1:08cr44-SPM

<u>If the Government or Defendant wish to argue for a different restitution award, written arguments must be submitted on or before February 26, 2010. If no written arguments are received, the Court will issue a restitution order as set forth above.</u>

SO ORDERED this 12th day of February, 2010.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge